## STATE ex rel. KINNEY vs. THE COMMISSIONERS OF SCHOOL AND UNIVERSITY LANDS.

A tract of university land, which had been forfeited and duly advertised for sale, was, by mistake, prior to the day of sale, marked "redeemed" on the books of the school land office, and a receipt given to the holder of the certificate, stating that it had been redeemed. The land was subsequently sold as advertised. *Held,* that not having been redeemed in fact, the land was subject to such sale.

APPLICATION for a Mandamus to compel the commissioners of school and university lands to receive from the relator the amount due for interest &c. on a tract of university land, sold to him in 1856, and described in certificate No. 177, and issue to him a full and final receipt therefor, and to cancel another certificate of sale for the same land, issued to one Fletcher in 1858. An alternative writ having been granted, the commissioners made return thereto, setting

January Term,
1861.

State ex rel.
Kinney
v.
Com'rs School
& University
Lands.

March 12.

forth facts which are stated substantially in the opinion of the court. Motion for a peremptory mandamus.

*P. V. Wise*, for the relator.

*James H. Howe*, Attorney General, for the respondent.

*By the Court*, COLE, J. The motion for a peremptory writ must be denied. The return shows a good and satisfactory reason why the relator was not permitted to redeem the land embraced in school land certificate No. 177. It appears that this tract, with others, had been forfeited for non-payment of interest, and sold by the commissioners. It is distinctly alleged in the return that this tract was offered for sale at public auction in November, 1857, and bid in for the state, and that afterwards it was sold by the commissioners to one Fletcher. But it is said that the tract was not subject to sale in November, 1857, because it had been marked "redeemed" in the books of the school land office. But the return states that it had been so marked by mistake of the clerks, while it abundantly appears that it had not been redeemed. If it had not been redeemed, it was, beyond all question, subject to sale. It is true, on the 14th of November, 1857, and before the sale, a receipt had been given by the commissioners, stating that this tract had been redeemed. But such was not the case, and there is no foundation in fact for saying that it had been redeemed. Besides, the commissioners, upon the application of the relator, and the strength of an affidavit made by his counsel in this case, to the effect that there was a mistake in this receipt, vacated the entry of redemption of certificate No. 177, and applied the money paid upon that tract to redeem from forfeiture the land embraced in certificate 175. It would certainly be a little singular if the money applied by mistake to redeem certificate No. 177, should have the effect to discharge the amount due upon that certificate and likewise discharge the amount on another certificate to which it was intended to be applied by the party paying it, and to which in fact it was so applied by the commissioners. Indeed, it is very clear from all the papers in the case, that the land embraced in certificate 177 was

not redeemed by the relator, and that it was properly sold by the commissioners.

The motion for a peremptory writ is denied.